UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10037-GAO-4

UNITED STATES OF AMERICA

v.

JOSE RUVALCABA,
Defendant.

OPINION AND ORDER
May 29, 2013

O'TOOLE, D.J.

Jose Ruvalcaba was convicted by a jury of conspiracies to distribute, and to possess with intent to distribute, methamphetamine and to launder money. He was sentenced to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b). His conviction was affirmed on direct appeal.

The petitioner now seeks to have his sentence vacated on two grounds.[1] First, he contends that under Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), the government should have produced "expert analysts to testify as to the forensic evidence that identified the alleged illegal substance." (Pet'r's Mot. to Vacate under 28 U.S.C. 2255 at 4 (dkt. no. 316).) Second, he asserts that his sentence should not have been enhanced by two prior convictions because those convictions were neither "aggravated felonies" nor "serious drug offenses."

---

[1] He calls his motion a "petition for a writ of habeas corpus" and objects that it is not brought under 28 U.S.C. § 2255, apparently because he hopes to preserve his opportunity to bring a later § 2255 motion unencumbered by the problem of its being deemed a second and successive petition. Despite his maneuver, it is clear that he seeks relief of the type authorized by § 2255, and his motion is properly understood as having been made under that authority.

There is no sound basis for an argument that his counsel provided ineffective assistance through a failure to raise such an objection. There was ample, properly admissible evidence to establish the nature of the drugs, including direct testimony by two co-conspirators. Moreover, Ruvalcaba has not pointed to any evidence that objection by counsel to testimony about the nature of these substances would have been a fruitful avenue of defense. Indeed, the Court in Melendez-Diaz itself acknowledged that it is often sound trial strategy for a defense attorney to refrain from raising such an objection. 557 U.S. at 328.

The petitioner also fails to explain why it is relevant whether his two prior state convictions are "aggravated felonies" or "serious drug offenses." These requirements arise from the Immigration and Nationality Act and the Armed Career Criminal Act, respectively, and it is clear from the record that neither was invoked in the petitioner's sentencing. His prior convictions were "felony drug offense[s]" under 21 U.S.C. § 841(b) identified in an information filed in accordance with 21 U.S.C. § 851 and were properly considered in the Court's determination that a mandatory minimum sentence of life was required by statute.

For these reasons, the petitioner's motion to vacate his sentence (dkt. nos. 316, 335, 349) is DENIED.

Further, because he has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge