UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10037-GAO

UNITED STATES OF AMERICA

v.

JOSE RUVALCABA,
Defendant.

ORDER
August 8, 2016

O'TOOLE, D.J.

Jose Ruvalcaba was convicted by a jury of conspiracy to distribute and to possess with intent to distribute methamphetamine and of conspiracy to launder money. He was sentenced to a mandatory term of life imprisonment pursuant to 21 U.S.C. § 841(b) on the basis of two prior "felony drug offense" state convictions in California. His conviction and sentence here was affirmed on direct appeal. He later moved to vacate his sentence pursuant to 28 U.S.C. § 2255. That motion presented two grounds: (1) that expert testimony concerning the forensic examination of drugs was required to convict him under the rule announced in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), and (2) that his sentence should not have been enhanced based on his two prior state court drug convictions. This Court denied his § 2255 motion on its merits and denied a certificate of appealability. See United States v. Ruvalcaba, Criminal No. 05-10037, 2013 WL 2325591 (D. Mass. May 29, 2013). The First Circuit denied the defendant's further request for a certificate of appealability. Ruvalcaba v. United States, No. 13-1770 (1st Cir. Oct. 21, 2013).

By a series of motions variously styled, the defendant seeks again to vacate his sentence, alleging for a variety of reasons that at least one of his prior state drug convictions is not a "felony

drug offense" under 21 U.S.C. § 841(b). The first two of the serial motions (dkt. nos. 454 and 456) are styled as based on Federal Rule of Civil Procedure 60(b)(6) and invoke the Supreme Court's ruling in Descamps v. United States, 133 S. Ct. 2276 (2013). The third motion (dkt. no. 461) cites Rule 60(b)(5) and appears to be based on an intervening change in California's legal classification of the state drug crimes of which the defendant was previously convicted. Recently, the defendant requested to withdraw his Rule 60(b)(5) motion (dkt. no. 485) and filed a motion making a similar argument about California's changed drug laws under 28 U.S.C. § 2255 (dkt. no. 486). Since all these motions present challenges to the substantive validity of his sentence, each one "*is* a motion under § 2255, no matter what title the [defendant] plasters on the cover." See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (citation omitted) (emphasis in original).

Because the defendant has previously litigated through appeal a motion under § 2255, a certification from the Court of Appeals is necessary for them to proceed. See 28 U.S.C. § 2255(h); Trenkler, 536 F.3d at 97–98. The defendant sought such a certification from the Court of Appeals, and that Court denied the request to file a second or successive petition. See Ruvalcaba v. United States, No. 16-1240 (1st Cir. June 2, 2016). It further held that, in any event, the defendant's arguments concerning his drug offense's reclassification were "clearly meritless as a matter of law." Id. (slip. op. at 2).

Because the Circuit has denied the defendant's request for leave to proceed on the several motions, those motions must be dismissed. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam).

The defendant's Request to Dismiss Motion (dkt. no. 485) is GRANTED, and the Motion Filed Under Rule 60(b)(5) (dkt. no. 461) is WITHDRAWN. To the extent not withdrawn, the defendant's Motion Under Rule 60(b)(6) (dkt. no. 454) and Motion Under Rule 60(b)(6) (dkt. no.

456) are DENIED. The defendant's Motion Under 28 U.S.C. § 2255 (dkt. no. 486) is likewise DENIED.

Finally, because the defendant has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge