UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10037-GAO

UNITED STATES OF AMERICA,

v.

JOSE RUVALCABA,
Defendant.

ORDER
January 7, 2021

O'TOOLE, S.D.J.

Jose Ruvalcaba has moved, purportedly pursuant to Federal Rule of Civil Procedure 59(e) and/or Rule 60(b), to alter or amend this Court's prior denial of his motion to vacate his sentence under 28 U.S.C. § 2255. (See Order, Aug. 8, 2016 (dkt. no. 489) (denying, *inter alia*, defendant's Motion under 28 U.S.C. § 2255 to Vacate (dkt. no. 486).) In support of his present request, the defendant has filed a Motion to Alter or Amend Judgment Pursuant to Civil Rule 59(e) (dkt. no. 490), Movant's Amendment to Pending Rule 59(e) Motion (dkt. no. 496), Motion to Supplement Pending Motion Under Civil Rule 59(e) (dkt. no. 498), and Movant's Supplement to Civil Rule 59(e) Motion (dkt. no. 502).

The defendant first moved to vacate his sentence under § 2255 in 2010 (dkt. no. 316). That motion was denied on its merits (dkt. no. 410), no certificate of appealability was issued, and the First Circuit denied the defendant's further request for a certificate of appealability (dkt. no. 444). In 2016, the defendant again filed a motion to vacate his sentence pursuant to § 2255 (dkt. no. 486). In that petition, Ruvalcaba argued that one of the state drug crimes that served as a basis for his mandatory sentence of life imprisonment under 21 U.S.C. § 841(b) had been reclassified by

California as a misdemeanor. The First Circuit denied the request to file a second or successive petition, and also found the defendant's substantive arguments to be meritless. See Ruvalcaba v. United States, No. 16-1240 (1st Cir. June 2, 2016) (No. 7). This Court consequently denied the defendant's motion.

In the presently pending filings, the defendant argues that his second § 2255 petition was wrongly considered a successive petition because it was brought pursuant to § 2255(f)(4) and was based on a new fact, namely, the reclassification of his prior felony conviction. He argues that this Court's denial of that motion was therefore based on an error of law and asks this Court to reconsider its prior ruling and allow the second § 2255 motion to proceed. The defendant also argues that neither of his prior California drug convictions qualifies to support a mandatory sentence under § 841.

Ruvalcaba's attempt to avoid the proper procedures under § 2255 by purporting to move under Rule 59(e) and/or Rule 60(b) is in vain. "A court appropriately may grant a motion for reconsideration [under those rules] 'where the movant shows a manifest error of law or newly discovered evidence.'" Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81–82 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Ci. 2007)). However, such a motion is not an appropriate means to "repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990).

More importantly, the defendant again argues that reclassification of his prior felony conviction as a misdemeanor under California law applies retroactively and consequently negates his federal sentence enhancement. This argument was already addressed by the Court of Appeals and was found to be "clearly meritless as a matter of law." Ruvalcaba, slip op. at 2.

3

Accordingly, the defendant's Motion to Alter or Amend Judgment Pursuant to Civil Rule 59(e) (dkt. no. 490), Motion to Supplement Pending Motion Under Civil Rule 59(e) (dkt. no. 498), and Movant's Supplement to Civil Rule 59(e) Motion (dkt. no. 502) are DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge